A. W. KOCH, Appellant; v. JOHN P. ABRAMSON, d/b/a JOHN P. ABRAMSON CONSTRUCTION COMPANY, Appellee.

No. 43726.

September 28, 1937.

Vernon W. Lynch, Ralph N. Lynch and Louis J. Garsh, for appellant.

Parrish, Guthrie, Colflesh & O'Brien, for appellee.

Donegan, J.—At the times involved herein the plaintiff in this case was a blacksmith, mechanic and welder, and the defendant, John P. Abramson, was engaged in the contracting business. Plaintiff had worked for defendant during the fall of 1930 until some time prior to the month of December. In December, 1930, plaintiff wrote to one Williams, a foreman for defendant, asking for a job, and Williams told him that defendant could use him. Plaintiff started to work January 5, 1931, but defendant was not then at the place where the work was going on and no arrangement was made in regard to wages. About the 9th day of January, 1931, the defendant was in the shop where plaintiff was working, and a conversation took place between the plaintiff and the defendant in regard to the terms of plaintiff's employment. Under date of January 16th thereafter, the following letter was sent to the plaintiff by one George Robinson, a timekeeper for defendant:

1358

"Mr. A. W. Koch,
"Marion, Iowa.
"Dear Sir:
    "As per our agreement of January 9, 1931, we are forwarding your first check under this arrangement namely that of $41.60. This is figured on a rate of $25.00 per week starting January 5, 1931. This will be your rate until April 15, 1931, at which time your rate will change to $180.00 per month, plus an accrued amount, which is the difference between your present rate, and your new rate. This accrued amount will be distributed evenly over the period from April 15, 1931, and November 1, 1931.

> "Yours very truly,
> "John P. Abramson Construction Co.,
> "by John P. Abramson."

    Plaintiff continued to work for the defendant until about December, 1931. He was paid at the rate of $25 per week from January 5, 1931, and from April 15, 1931, until about December, 1931, when he was laid off, he was paid at the rate of $180 per month. Plaintiff again worked for defendant during the years 1932, 1933, and 1934, but was laid off in the fall and did not work during the winters of these years. He also worked for defendant in 1935 and quit his employment in the fall of that year, giving as his reason for quitting that he could not get along with the foreman, Williams. In all of these years he was paid at the rate of $180 per month for the time during which he was employed.

    About January, 1936, plaintiff made demand upon the defendant for the sum of $250 which he claimed was still due him as wages for the period January 5 to April 15, 1931, and, on defendant's refusing to pay, he commenced this action. The petition was at law and alleged in substance that, pursuant to the terms of the letter of January 16, 1931, plaintiff was entitled to $180 per month from January 5 to April 15, 1931; that he had been paid at the rate of $25 per week during such time, but, according to the agreement contained in said letter, he was to be paid the balance due him at the rate of $180 per month for said period by having it added to his regular wage and distributed over the period from April 15 to November 1, 1931. To this petition defendant filed an answer and cross petition. The answer

admitted certain matters not here in dispute, but denied generally all other allegations of the petition. The cross petition alleged that, under the oral agreement made on or about January 9, 1931, plaintiff was to be paid on a basis of $25 per week from January 5, 1931, to April 15, 1931, at which time he was to be paid on the basis of $180 per month; that, on or about January 16, 1931, an agent of the defendant, through error and mistake, wrote the letter, Exhibit A, referred to in and attached to plaintiff's petition; that said error was not discovered until about April 15, 1931, at which time it was corrected, by virtue of the contract between plaintiff and defendant, plaintiff agreeing to accept $25 per week covering said period of time; that subsequently plaintiff worked for defendant for a period of approximately five years thereafter and waived any and all claim for any additional compensation under the terms of said letter, Exhibit A; and defendant asked that the alleged contract evidenced by said letter, Exhibit A, be reformed to correspond to the true contract between the parties, and that plaintiff's petition be dismissed. Along with his answer and cross petition defendant also filed a motion asking the court to transfer the cause of action set out in his cross petition to equity for trial, on the ground that such cause of action was exclusively cognizable in equity, and this motion was sustained by the trial court. Trial was had thereafter and, at the beginning of such trial, the parties entered into the following stipulation:

"It is stipulated and agreed, that if the defendant sustains the burden of proof, and is entitled to the reformation of the contract Exhibit A as set out in his pleadings, the plaintiff is not entitled to any recovery. On the other hand, if the defendant fails to sustain the burden of proof and is not entitled to reformation of Exhibit A as set out in his pleadings, then the plaintiff is entitled to judgment in the sum of $224.81 together with statutory interest."

Following the trial, the court entered a decree reforming the contract evidenced by said letter, Exhibit A, and dismissing the plaintiff's petition at plaintiff's costs. From this decree the plaintiff appeals.

The first ground of error upon which appellant asks a reversal is that,—"The Court erred in sustaining defendant's motion to transfer the suit to Equity, on the grounds that the

1360

cause of action set out in defendant's cross petition, asking reformation, was exclusively cognizable in Equity.'' Appellant devotes considerable argument and cites several authorities in support of his contention. Appellee, on the other hand, contends that, under the stipulation entered into at the beginning of the trial, the ground of error here relied on by the plaintiff cannot be considered. With this contention of the appellee, we are disposed to agree.

■■■ Referring to the record in this case, we find that the defendant's answer and cross petition were filed on April 5, 1936, and that, on the same day, the defendant filed a motion that ''the cause of action set out in defendant's Cross Petition be transferred to equity for trial.'' On May 7, 1936, the court sustained this motion and the issue as to the reformation of the contract thus became triable in equity. On May 27, 1936, the case proceeded to trial on the equitable issue of reformation. At that time, apparently at the beginning of the trial and before any evidence was introduced, the parties entered into the stipulation set out above. Under this record, and under the terms of the stipulation, it seems to us that the only issue tried by the court was the equitable issue in regard to reformation, which was raised by the defendant's cross petition. The question raised by defendant's motion to transfer the cause of action set out in the cross petition to equity for trial was one of law, and was determinable from the pleadings. The court had decided that question, and the court's order sustaining the motion had been entered twenty days prior to the beginning of the trial.

■■ The trial which followed was on the equitable issue presented by the defendant's cross petition asking for reformation, and this issue could be determined only from a consideration of the facts introduced in evidence. The defendant proceeded to introduce his evidence of facts tending to show that, because of mistake, the letter, Exhibit A, did not truly express the terms of the oral agreement entered into between the parties about January 9, 1931, and the plaintiff introduced evidence in support of his contention that the letter truly expressed the terms of this oral agreement. The trial court held that the defendant was entitled to a reformation of the contract evidenced by the letter, Exhibit A. The court could only have so held by finding that the defendant had sustained the burden of proof on the issue tried. The stipulation entered into provided ''that

if the defendant sustains the burden of proof, and is entitled to the reformation of the contract Exhibit A as set out in his pleadings, the plaintiff is not entitled to any recovery." The stipulation further provided that if, on the other hand, the defendant failed to sustain the burden of proof as to reformation, "then the plaintiff is entitled to judgment in the sum of $224.81 to gether with statutory interest." If, under this stipulation, the trial court was correct in finding that the defendant had sustained the burden and that the alleged contract, Exhibit A, should be reformed, we are unable to see under what theory the appellant can now go back of the stipulation entered into, and say that the court's decree cannot bind him because the court had no right to try the issue of reformation. Under the record here presented, and under the express terms of the stipulation entered into, we think the judgment of the trial court must stand, unless the trial court was in error in holding that the evidence introduced entitled the defendant to reformation, and, to that issue, we now direct our attention.

■■■ We think the evidence shown by the record in this case is sufficient to establish that the oral agreement made between the plaintiff and the defendant, on or about the 9th day of January, 1931, was as claimed by defendant. That the letter, Exhibit A, did not purport to set out the terms of any agreement other than the oral agreement which had been entered into between the plaintiff and defendant, is clear from the very terms of the letter itself, in which it says that the check enclosed is "as per our agreement of January 9, 1931." That the oral contract entered into on January 9, 1931, was that the plaintiff would receive payments at the rate of $25 per week from the day on which he began to work, to wit, January 5, 1931, until April 15, 1931, is shown by all the evidence. That his wages were to be $180 per month during that period is testified to only by the plaintiff himself. We think the evidence shows that the letter in question was not written or signed by the defendant personally; that it was written and signed by the witness, Robinson; and that the statement therein contained that after April 15, 1931, "your rate of pay will change to $180.00 per month, plus an accrued amount," was not in conformity with the oral agreement. Whether this statement in the letter resulted from the writer of the letter, Robinson, misunderstanding the defendant's instructions to him, as the evidence seems to imply, or

whether it resulted from an inadvertent misstatement of the agreement made by the defendant to Robinson, does not change the fact that the oral agreement did not provide that plaintiff's wages would be $180 per month during the period from January 5, 1931, to April 15, 1931, and did not provide that the portion of such wages which had not actually been paid by the end of that period would be distributed over the period from April 15 to November 1, 1931, and added to the payments of his regular wages made during that period.

The evidence shows that defendant did have an arrangement with some of his old employees similar to that claimed by plaintiff. That the timekeeper, Robinson, understood that the oral agreement was as claimed by plaintiff must be conceded, because he not only wrote the letter, Exhibit A, but, after the period from January 5 to April 15, 1931, had expired, the first check made out by him for plaintiff contained an additional amount, which was in accordance with such an arrangement. Before this check was delivered to plaintiff, however, the foreman, Williams, discovered that such additional amount was in the check contrary to the oral agreement. This check was returned to the office and a new check was issued, based only on a monthly wage of $180 after April 15, 1931.

Something is said in argument by appellee as to plaintiff's attention having been brought to this matter at the time that the new check was delivered to him. Whether or not this be true, and whether or not his attention was expressly called to the mistaken statement in the letter, it is undisputed that, not only did the plaintiff continue working for the defendant until December, 1931, and receive checks for that time at the rate of $180 per month only, but he also worked for the defendant during the years 1932, 1933, and 1934, and up to the fall of 1935. During these years he, at different times, requested and received statements as to the amounts due him, the last such request being made and statement furnished after he ceased to work for the defendant in 1935. In none of these statements was there any reference to any amount due him for the period January 5, 1931, to April 15, 1931, and no question was raised by him as to the correctness of any of these statements and no claim ever made in regard to the back wages sued for in this action, until January, 1936, months after he had quit his employment by the defendant.

We think that, under the evidence in this case, "the defendant sustained the burden of proof, and is entitled to the reformation of the contract Exhibit A as set out in his pleadings," and that, under the terms of the stipulation entered into, "the plaintiff is not entitled to any recovery."

The decree of the trial court is, therefore, affirmed.—Affirmed.

HAMILTON, C. J., and ANDERSON, KINTZINGER, PARSONS, RICHARDS, STIGER, and SAGER, JJ., concur.